UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 100.1.142.26,<br><br>　　　　Defendant. | Civil Action No.<br><br>2:17-cv-13284-CCC-SCM<br><br>ORDER ON MOTION [D.E. 6] FOR DISCOVERY SEEKING LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE and [D.E. 7] MOTION FOR EXTENSION OF TIME |

**THIS MATTER** comes before the Court by way of plaintiff Malibu Media, LLC's ("Plaintiff") unopposed Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (ECF Docket Entry No. ("D.E.") 6), and the Court having considered Plaintiff's submissions, and for good cause shown,

**IT IS** on this Tuesday, March 27, 2018:

1. **ORDERED,** that the motion by Plaintiff to serve Verizon Online LLC (hereinafter the "ISP") with a Rule 45 subpoena commanding the ISP to provide Plaintiff with **only** the name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint is granted; and it is further

2. **ORDERED,** that under no circumstances is Plaintiff permitted to seek or obtain that subscriber's telephone number or email address;[1] and it is further

---

[1] This ruling is consistent with the decisions of other courts within this District. *See Malibu Media, LLC v. Does 1-11*, No. 12-7615 (CCC) (JAD), 2013 U.S. Dist. LEXIS 26217 (D.N.J. Feb. 26, 2013) (limiting scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); *Malibu Media, LLC v. Doe*, No. 14-3856 (JLL) (JAD), slip. op., Dkt. No. 7, at 4 (D.N.J. Sept. 4, 2014) (same); *Malibu Media, LLC v. Doe*, No. 13-4660 (JAP) (DEA), slip op., Dkt. No. 5, at 2 (D.N.J. Aug. 19, 2013) (same); *Malibu Media, LLC v. John Does 1-18*, No. 12-7643 (NLH) (AMD), No. 12-7643, 2013 U.S. Dist. LEXIS 155911 (D.N.J. Mar. 22, 2013) (restricting the scope of a pre-Rule 26(f)

3. **ORDERED,** that Plaintiff shall attach a copy of this Order to the subpoena; and it is further

4. **ORDERED,** that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP in this litigation for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint; and it is further

5. **ORDERED,** that Plaintiff shall be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case;[2] and it is further

6. **ORDERED,** that all other aspects of Plaintiff's motion [D.E. 6] are denied.

7. **ORDERED,** that Plaintiff's motion for extension of time [D.E. 7] is granted, and Plaintiff's time to effectuate service of process on Defendant is extended to May 18, 2018.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/27/2018 1:18:16 PM

---

conference subpoena by not permitting discovery of the internet subscriber's telephone number or e-mail addresses); *Voltage Pictures v. Doe*, No. 12-6885 (RMB) (JS), No. 12-6885, 2013 U.S. Dist. LEXIS 155356, at *9-10 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting *only* the name, address and media control address associated with a particular IP address).

[2] If Plaintiff seeks leave to file an Amended Complaint naming a specific defendant, then it shall ensure that it has a factual basis for the assertion that the proposed defendant engaged in the alleged infringement. By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims.